LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
(212) 903-9000
(212) 903-9100 (fax)
Paul S. Hessler
Martin M. Bloor
Sterling P.A. Darling, Jr.

*Attorneys for Petitioner*
*B/E Aerospace, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

B/E Aerospace, Inc.,

                Petitioner,

      v.

Jet Aviation St. Louis, Inc., f/k/a Midcoast Aviation,

                Respondent.

------------------------------------------------------x

Case No.: 1:11-cv-08569

CORRECTED PETITION FOR
JUDGMENT VACATING FINAL
ARBITRATION AWARD

      Petitioner, B/E Aerospace, Inc. ("B/E Aerospace") respectfully petitions this Court pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, for entry of a judgment vacating the Final Award made by a Commercial Arbitration Tribunal of the American Arbitration Association (the "Tribunal") in favor of Jet Aviation St. Louis, Inc., f/k/a Midcoast Aviation ("Midcoast"), on November 7, 2011, in case number 58 132 Y 00119 11.[1] In support of this Petition B/E Aerospace submits herewith its Memorandum of Law in Support of its Petition for Judgment Vacating Final Arbitration Award ("Memorandum of Law") and, further, states as follows:

---

[1] A true and correct copy of the Final Award appears as Exhibit H to the Declaration of Steven P. Blonder, dated November 23, 2011 and filed herewith (the "Blonder Decl.").

A14254480

## NATURE OF ACTION

1. B/E Aerospace brings this proceeding in order to obtain an order, pursuant to 9 U.S.C. § 10, vacating the Final Award issued by the Commercial Arbitration Tribunal of the American Arbitration Association on November 7, 2011 in case number 58 132 Y 00119 11.

2. As discussed more fully in the Memorandum of Law, vacating the Final Award is appropriate because the Tribunal exceeded its powers and acted with manifest disregard of New York law when it (1) permitted Midcoast to recover both under the contract and under a theory of negligent misrepresentation based on the same underlying misconduct, which is barred by New York law, (2) awarded consequential damages against B/E in direct contravention of the express limitation on damages in the parties' contract, and (3) found that B/E Aerospace breached the parties' contract by seeking court review regarding the selection of arbitrators, a question that this Court had *already held in related proceedings was properly brought before the Court*, and thus could not have breached the contract.

3. Vacating the Final Award is also appropriate because it was rendered by a Tribunal composed of arbitrators who do not meet the qualifications set forth in the parties' contract. This issue is currently on appeal to the United States Court of Appeals for the Second Circuit, *see B/E Aerospace, Inc. v. Jet Aviation St. Louis, Inc., et al.*, No. 11-4499 (appeal docketed Oct. 26. 2011), and B/E Aerospace raises it here for completeness and to ensure the issue is preserved.

## PARTIES

4. Petitioner B/E Aerospace is a Delaware corporation with its principal place of business in Florida.

5. Respondent Midcoast is a Missouri corporation with its principal place of business in Cahokia, Illinois.

A14254480

2

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant Midcoast because, among other reasons, the written Agreement between B/E Aerospace and Midcoast that forms the basis for this dispute was "entered into in the State of New York, U.S.A., and shall be construed and governed . . . in accordance with applicable commercial law of the State of New York U.S.A."[2]

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New York.

9. The Final Award has not been confirmed, modified, or corrected pursuant to Section 9 of Title 9 of the United States Code, and no petition to vacate pursuant to Section 10 of the Title 9 of the United States Code has been previously filed.

WHEREFORE, B/E Aerospace respectfully requests judgment on its Petition as follows:

(a) Vacating the Final Award insofar as it found liability based on a theory of negligent misrepresentation, a tort theory which is barred by New York law;

(b) Vacating the Tribunal's award of consequential damages, which are expressly excluded from recovery under the parties' agreement;

---

[2] A true and correct copy of the Agreement appears as Exhibit A to the Blonder Declaration.

(c) Vacating the Tribunal's determination, which is contrary to an order of this Court, that B/E Aerospace's filing of the federal action breached the parties' contract, and its award of damages for the filing of the federal action;

(d) Vacating the Final Award in its entirety because it was decided by arbitrators who do not meet the qualifications set forth in the parties' contract and who therefore lack authority;

(e) Remanding the matter back to the AAA for further proceedings and for assignment to a new arbitral tribunal; and

(f) Such other and further relief as this Court deems appropriate, including awarding B/E Aerospace its costs and attorneys' fees incurred in this proceeding.

Dated: New York, New York
December 1, 2011

Respectfully submitted,

LINKLATERS LLP

By: _____
Paul S. Hessler
Martin S. Bloor
Sterling Darling
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

*Attorneys for B/E Aerospace, Inc.*

A14254480

4