UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

B/E AEROSPACE, INC.,     :     **OPINION AND ORDER**

               Petitioner and     :
               Cross-Respondent,     :     No. 11 Civ. 8569 (SAS)

             v.     :

JET AVIATION ST. LOUIS, INC. F/K/A     :
MIDCOAST AVIATION, INC.,

               Respondent and     :
               Cross-Petitioner.

------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

B/E Aerospace, Inc. ("B/E") petitions the Court to vacate a final award entered in favor of Jet Aviation St. Louis, Inc. F/K/A Midcoast Aviation, Inc. ("Midcoast") in an arbitration proceeding between the two parties. B/E contends that the Arbitration Panel erred in awarding consequential damages[1] and in awarding attorneys' fees.[2] Midcoast cross-petitions to confirm the arbitration award. For the reasons discussed below, B/E's petition to vacate is denied and

---

[1] *See* Petitioner's Memorandum of Law in Support of Its Petition for Judgment Vacating Final Arbitration Award ("Pet. Mem.") at 10.

[2] *See id.* at 16.

1

Midcoast's cross-petition is granted.

## II. BACKGROUND

B/E is a developer and manufacturer of interior products for commercial aircraft and business jets.[3] Midcoast installs interiors on private jets for owners and original equipment manufacturers.[4] In 2005, B/E contacted Midcoast regarding a business deal whereby B/E would develop seats and divans for Midcoast to install in aircraft; Midcoast would pay $1.4 million to B/E and would purchase the seating.[5] In October 2005, the parties signed a contract (the "Agreement") pursuant to which B/E agreed to provide goods and related services to bring the seating to market, "including dynamic testing and certification" of the seating.[6]

Under the agreement, B/E was required to conduct "head impact

---

[3] *See* Midcoast's Consolidated Memorandum of Law in Support of Its Motion to Confirm Final Arbitration Award and Opposition to B/E's Petition for Judgment Vacating Final Arbitration Award ("Opp.") at 2.

[4] *See id.*

[5] *See* Commercial Arbitration Panel Final Award ("Award"), Ex. A to Declaration of Michael A. Doornweerd, Midcoast's attorney, in support of Midcoast's Motion to Confirm Final Arbitration Award and in Opposition to B/E Aerospace, Inc.'s Petition for Judgment Vacating Final Arbitration Award ("Doornweerd Decl.") at 1-2.

[6] *Id.* at 2.

criteria testing" to ensure that the seating and installation complied with Federal Aviation Administration ("FAA") regulations.[7] Midcoast paid B/E the required amount and installed the seating per B/E's instructions.[8] The parties do not dispute that B/E provided incorrect installation instructions to Midcoast and that, as a result, the seating was not certifiable by the FAA.[9] Midcoast disclosed the issue to the FAA, notified its customers to disable the affected seating, and participated in testing various solutions to correct the issue.[10] "Midcoast incurred over $3.3 million in non-recurring engineering costs and payments to its customers."[11] Midcoast requested payment in this amount from B/E, but B/E refused.[12]

        Midcoast began arbitration proceedings against B/E in May 2011. As called for in the Agreement, Midcoast and B/E each appointed one arbitrator. The arbitrators failed to agree on the third arbitrator, so, as per the Agreement, the American Arbitration Association ("AAA") appointed the third arbitrator.[13] B/E

---

    [7]    *Id.*

    [8]    *See id.*

    [9]    *See id.*

    [10]    *See* Opp. at 4.

    [11]    *Id.*

    [12]    *See id.*

    [13]    *See id.* at 5.

sought an injunction in the Southern District of New York in June 2011 to enjoin the arbitration, which was denied on July 1, 2011.[14] Five days later, Midcoast filed a motion to compel arbitration, which I dismissed without prejudice on August 31, 2011.[15] Midcoast then filed a motion to dismiss in September 2011. Citing the July 1 opinion, I denied all requested relief, dismissed Midcoast's motion as moot, and dismissed the case in an order dated September 26, 2011.[16] B/E appealed this decision, but has since withdrawn the appeal.

The arbitration proceeded and Midcoast sought damages for breach of contract and negligent misrepresentation.[17] B/E argued that Midcoast had "a non-delegable duty to certify the test results" and that its failure to do so was the cause of its damages.[18] The Arbitration Panel made the following findings: (1) B/E breached its contract with Midcoast by providing seating and installation instructions that did not comply with FAA regulations;[19] (2) "B/E negligently

---

[14] *See B/E Aerospace, Inc. v. Jet Aviation St. Louis, Inc. F/K/A Midcoast Aviation, Inc.*, No. 11 Civ. 4032, 2011 WL 2852857 (S.D.N.Y. July 1, 2011).

[15] *See* No. 11 Civ. 4032, Docket No. 31.

[16] *See id.*, Docket No. 36.

[17] *See* Award at 3-4.

[18] *Id.* at 2.

[19] *See id.* at 3.

4

misrepresented the information it was required to provide to Midcoast";[20] and (3) B/E was legally liable for the incorrect testing data.[21] The Panel awarded damages against B/E in the amount of $3,324,215 including: (1) payments to Midcoast's customers for non-compliance in the amount of $1,550,000; (2) actual costs for Midcoast to correct the error in the amount of $473,730; and (3) legal fees and expenses Midcoast incurred in obtaining dismissal of the suit B/E filed in the Southern District of New York in the amount of $84,543.

On November 22, 2011, B/E sought to modify the award claiming there had been a clerical error.[22] The Panel rejected B/E's request and found that the request was a "thinly-disguised attempt to re-argue" its case.[23] Finding that the request was submitted by B/E in bad faith, the Panel awarded Midcoast attorneys' fees associated with the modification request.[24]

On November 23, 2011, B/E filed the instant action seeking to vacate the award alleging, inter alia, that the Panel's award of consequential damages and

---

[20] *Id*. at 5.

[21] *See id.* at 6.

[22] *See* Order Re: Respondent's Request for Modification of Award, Ex. B to Doornweerd Decl.

[23] *Id.* at 1.

[24] *See id.*

attorneys' fees was in disregard of both New York law and the parties' Agreement.[25]  Midcoast filed a cross-motion to confirm the final arbitration award.

## III. APPLICABLE LAW

### A. Vacatur of an Arbitration Award

"'It is well established that courts must grant an arbitration panel's decision great deference.'"[26]  "'[A]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'"[27]  The party challenging an arbitration award "bears the heavy burden" of proving the existence of grounds for vacatur.[28]  "So long as some ground for the arbitrators' award 'can

---

[25] *See* Pet. Mem. at 1-2.

[26] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 90 (2d Cir. 2008), rev'd on other grounds, — U.S. —, 130 S.Ct. 1758 (2010) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)).

[27] *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Folkways Music Publishers v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).

[28] *Duferco*, 333 F.3d at 388.  *Accord D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high.").

be inferred from the facts of the case, the award should be confirmed.'"[29]

The Federal Arbitration Act enumerates specific instances where an award may be vacated.[30] Additionally, the Second Circuit has recognized that a court may vacate an arbitration award rendered in "manifest disregard" of the law.[31]

### B.   Manifest Disregard of the Law

"The party seeking to vacate an award on the basis of the arbitrator's alleged 'manifest disregard' of the law bears a 'heavy burden.'"[32] Review of awards for manifest disregard of the law "is highly deferential to the arbitrators," as "[m]ore searching review would frustrate the basic purpose of arbitration, which is to dispose of disputes quickly and avoid the expense and delay of extended court proceedings."[33] "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the

---

[29]   *ConnTech Dev. Co. v. University of Connecticut Educ. Props., Inc.*, 102 F.3d 677, 686 (2d Cir. 1996) (quoting *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972)).

[30]   *See* 9 U.S.C. § 10(a).

[31]   *Duferco*, 333 F.3d at 388 (internal citations omitted).

[32]   *Stolt-Nielsen*, 548 F.3d at 91 (quoting *GMS Grp., LLC v. Benderson*, 326 F.3d 75, 81 (2d Cir. 2003)).

[33]   *STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (quotation marks omitted).

contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'"[34] A reviewing court may vacate an arbitral award on these grounds only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent . . . ."[35] To find manifest disregard the court undertakes three inquiries: (1) "whether the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators"; (2) whether "the law was in fact improperly applied, leading to an erroneous outcome"; and (3) whether the arbitrator subjectively knew of the law and its applicability.[36]

Recently, the Supreme Court called the viability of the manifest disregard doctrine into doubt with its decision in *Hall Street Associates, LLC v. Mattel, Inc.*[37] The Second Circuit subsequently confirmed in *Stolt-Nielsen, S.A. v.*

---

[34] *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004) (quoting *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (emphasis omitted)). *Accord Stolt-Nielsen*, 548 F.3d at 91 ("In this light, 'manifest disregard' has been interpreted 'clearly [to] mean[ ] more than error or misunderstanding with respect to the law.'") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)).

[35] *Duferco*, 333 F.3d at 389.

[36] *Id.* at 390.

[37] 552 U.S. 576, 584 (2008) (holding that the grounds for vacatur of an arbitration award set forth in the Federal Arbitration Act are "exclusive").

*AnimalFeeds International Corp.* that manifest disregard "remains a valid ground for vacating arbitration awards."[38] The Second Circuit made clear "that it reads *Hall Street* as 'reconceptualiz[ing]' manifest disregard 'as a judicial gloss on the specific grounds for vacatur' of arbitration awards under 9 U.S.C. § 10."[39]

## IV. DISCUSSION

### A. Vacatur of the Award — Manifest Disregard

#### 1. Consequential Damages

B/E asks the court to vacate the arbitration award entered in favor of Midcoast on the grounds that the Panel "manifestly disregard[ed] New York law and the parties' Agreement."[40] B/E asserts that the Panel "awarded damages based on duplicative contract and tort claims[] in contravention of settled New York law."[41]

The parties agree that for Midcoast to sustain its claim of negligent

---

[38] 548 F.3d at 94.

[39] *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.,* 592 F.3d 329, 339 (2d Cir. 2010) (citing and quoting *Stolt-Nielsen*, 548 F.3d at 94-95). The Supreme Court granted certiorari for *Stolt-Nielsen* on other grounds. On review, the Court did not reach the question of whether manifest disregard survived *Hall Street* "as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." *Stolt-Nielsen*, 130 S.Ct. at 1768, n.3.

[40] Pet. Mem. at 9.

[41] *Id.* at 10.

misrepresentation under New York law, it must establish that B/E had a legal duty independent from its Agreement with Midcoast.[42]  B/E argues that the only duty it owed to Midcoast arose from their contract, which would not support a negligent misrepresentation claim under New York law.[43]  However, the Panel explicitly found that B/E and Midcoast had a "special relationship" based in part on B/E's "presentations of its expertise" prior to the parties' signing of the Agreement.[44]  Even if the Panel made an error in its application of the law, manifest disregard would not be established, because there is no evidence that the Panel "intentionally defied [the law]."[45]

While "not all representations made by a seller of goods or provider of services will give rise to a duty to speak with care,"[46] "liability for negligent misrepresentation has been imposed . . . on those persons who possess unique or specialized expertise . . . such that reliance on the negligent misrepresentation is

---

[42]   *See id.* at 11; Opp. at 11.

[43]   *See* Pet. Mem. at 11.

[44]   Award at 4.

[45]   *STMicroelectronics*, 648 F.3d at 78 (refusing to vacate on the basis of "simple error" or the arbitrators' failure to understand or apply the law, and requiring "a party to clearly demonstrate[] that the panel intentionally defied the law").

[46]   *Kimmel v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

justified."[47] The Panel found B/E to have such specialized expertise,[48] thereby creating an independent legal duty to Midcoast beyond their contractual relationship.[49] The Panel further found that Midcoast reasonably relied on the incorrect information provided by B/E.[50]

B/E also argues that the Panel awarded consequential damages in contravention of the Agreement's clause limiting liability.[51] The Agreement stated: "Notwithstanding anything to the contrary in this Agreement, in no event shall Buyer or Seller be liable for any special, indirect, or consequential damages, including without limitation lost profits or lost revenues."[52] The Panel interpreted the Agreement as allowing the imposition of consequential damages for tort claims, because the limiting clause did not "'plainly and precisely state that the limitation of liability extends to negligence . . . .'"[53]

---

[47] *Id.*

[48] *See* Award at 4.

[49] *See id.* at 5.

[50] *See id.*

[51] *See* Pet. Mem. at 13.

[52] *Id.* (quoting Agreement ¶ 32.0).

[53] Award at 9 (quoting *Rigney v. Ichabod Crane Central Sch. Dist.*, 874 N.Y.S.2d 280, 282 (3d Dep't 2009) (quotation marks omitted)).

11

In *Net2Globe International, Inc. v. Time Warner Telecom of New York*, the case on which petitioner primarily relies, the liability limitation clause stated: "In no event shall the Company . . . be liable for any incidental, indirect, special, or consequential damages . . . of any kind whatsoever regardless of the cause or foreseeability thereof."[54] This clause is inapposite to the instant case because the limitation of liability clause at issue here does not explicitly reference tort damages or "foreseeability."

Because the Panel provided adequate justification for its award of consequential damages and reasonably interpreted the parties' Agreement, B/E has failed to meet its heavy burden to vacate the award of consequential damages.

### 2.   Attorneys' Fees

B/E also seeks to vacate the award of $84,543 in attorneys' fees, which Midcoast incurred defending the suit B/E filed in the Southern District of New York.[55] While Judge Barbara Jones denied B/E's requested injunction, she agreed with B/E that the court was the appropriate vehicle for "'parties [that] have agreed to arbitrate, but disagree as to the operation or implementation of that

---

[54]   273 F. Supp. 2d 436, 449 (S.D.N.Y. 2003).

[55]   *See* Pet. Mem. at 16.

agreement.'"[56] After the injunction was denied, B/E "refused to dismiss the Federal case"[57] and Midcoast filed a motion to compel arbitration,[58] and ultimately a motion to dismiss.

B/E argues that the award of attorneys' fees was in manifest disregard of the law because the Agreement specified that "[e]ach party shall be solely responsible for its own attorneys fees."[59] However, the AAA rules were expressly incorporated into the parties' Agreement,[60] and AAA Rule 43(d) states: "The award of the arbitrator(s) may include: . . . an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."[61] In their respective demand and answer, both Midcoast and B/E sought an award of attorneys' fees,[62] which makes the award permissible under

---

[56] *B/E Aerospace*, 2011 WL 2852857, at *1.

[57] Award at 8.

[58] *See id.*

[59] Pet. Mem. at 18 (quoting Agreement ¶ 31.0).

[60] Contract Agreement Between Midcoast Aviation Inc. and BE Aerospace, Inc., Ex. N1 to Declaration of Paul S. Hessler ("Hessler Decl."), attorney for petitioner, in Support of B/E Aerospace's Petition for Judgment Vacating Final Arbitration Award, ¶ 31.0.

[61] AAA Rule 43(d) (2011).

[62] *See* Demand for Arbitration, Ex. A to Hessler Decl. ¶ 34; Answering Statement, Ex. E to Doornweerd Decl. ¶ 51.

Rule 43(d). Because of this, the Panel did not manifestly disregard New York law or the parties' Agreement.

## V. CONCLUSION

For the foregoing reasons B/E's petition to vacate the arbitration award is denied and Midcoast's cross-petition to confirm the award is granted. The Clerk of the Court is directed to close these motions [Docket Nos. 1, 11] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 3, 2012

**Appearances**

**For Petitioner:**
Michael A. Doornweerd, Esq.
Andrew F. Merrick, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 923-2631

Joseph J. McFadden, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
(212) 891-1658

**For Respondent:**
Paul Hessler, Esq.
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000